By the Court,
Garvin, J.
The evidence in this case presented two questions of fact for the jury: 1. Whether the sale of the judgment debtor to the plaintiff was made by him with the intent to hinder, delay or defraud his creditors. 2; Whether there was an actual and continued change of possession of the things sold-by Prentice to the plaintiff in this action. It is contended by the defendant that neither of these questions was presented to the jury, but that the court took them from their consideration. The defendant requested the court to charge, “if the jury find that the sale and transfer made by the vendor, to the plaintiff, was made with the intent to hinder, delay or defraud the creditors of the vendor, the same is fraudulent afid void, and the defendant is entitled to a verdict.” The court charged, “ This is true, with this modifications . if -the transaction between the parties was designed to be a sale by one and a purchase by the other in payment of a debt to the plaintiff, in part or in whole, in good faith, which Prentice, the vendor, owed to the plaintiff,- then there is no fraud in the case; no intention on the part of the vendor to defraud, hinder, or delay his creditors.” To this the defendant excepted. Whether this sale was made with a fraudulent intent was for the jury to find solely upon all the facts disclosed by the evidence. It may be said that the use of the words “ good faith ” make it in substance the same as the request. This part of the charge is of such a character as to hardly submit the question of fraudulent intent to the jury. The rule is unqualified that the question of fraudulent intent shall be deemed a question of fact for the jury, and not of law. We think the learned judge erred in qualifying the rule—which has for wise purposes been incorporated into the statutes. There are no adjudications which authorize the qualification suggested in a transaction so open to criticism as the conceded facts in this case disclose. It was proved upon the trial that *487 the judgment debtor owed the plaintiff; that in September, 1862, about the time suits were commenced against Prentice by his creditors, judgments recovered and executions issued and levied upon the property in question, the judgment debtor went to the plaintiff and told her he expected to be sued, did not wish to have his things seized ; wished to go on with business if he could arrange it; he wanted to fix it so that the sheriff could not touch his property, and thought in the spring he would get along better. This was before the bill of sale, which was dated September 2, 1862. After the sale, the goods remained in the same store as before. Prentice did all the business, both in buying and selling, and was the nephew of the plaintiff. The lease was not changed—no sign put up to indicate a change—his notes taken for the loans were not given up; he had a power of attorney from the plaintiff to go on with the business. The plaintiff went into the store and said she took possession, in the presence of the clerk, and was there occasionally. The same clerk who served Prentice before the sale, continued in the store, and had charge of the key to the store, as he had before. Upon these facts the defendant requested the court to charge the jury that where there was no actual and continued change of possession of the things sold, the presumption of law is that the sale is fraudulent and void. This was refused, and the court charged, “that the circumstances as detailed show, I think, that there was a change of possession and a continued change of possession. She was in the building, and the goods must be presumed to be within her sight, and that, if true, was taking actual possession. She told a bystander (the clerk in the store) that she took possession of all the goods. The evidence is, if you believe it, that Prentice paid her on account of the proceeds of sales made by him $150. That, I think, is sufficient evidence, if it is entitled to credit, that the property was in the possession of the plaintiff and remained in her possession.” To this part of the charge and refusal to charge the defendant excepted. It was a pure question of fact for the jury as to whether there *488 was an actual and continued change of possession of the things sold, and the rule of law was correctly stated in the request. The words “actual and continued” are applied to the change of possession. They mean an open, public change of possession which is to continue and be manifested continually by outward and visible signs, such as render it evident that the possession of the judgment debtor has ceased. He must cease from the apparent as well as real ownership. (Camp v. Camp, 2 Hill, 628. Randall v. Parker, 3 Sandf. 73.) The defendant contended the change, of possession was constructive and secret, "not actual and visible. If this was so, it was the duty of the plaintiff to show that the sale was made to her in good faith, without any intent to defraud his creditors. (2 R. S. 141, § 5.) It was most clearly erroneous to charge that the circumstances proved show a change of possession and a continued change of ..possession. This was taking the question of fact from the jury. It was saying here is a change of possession. It certainly cannot he claimed that a mere declaration by a vendee, made to others, in regard to things bought and sold is of such a character as to be conclusive evidence of an actual and continued change of possession of the things sold. This would open the door to the very mischiefs the statute was intended to prevent.
Nothing can be clearer than that it was error to charge that the payment of $150 on account of the proceeds of the sales is sufficient evidence that the property was in the possession of the plaintiff and remained in her possession. The court did not say it tends to prove the change of possession and its continuance, but that it is sufficient evidence thereof. It may have been true as a matter of fact, that the money was paid out of the proceeds of sales ; and yet, to say the most, it was only evidence for the jury to consider in passing upon the question of an actual and continued change of possession. It may have been true that the plaintiff declared herself in possession. .She might have received the $150; also taken the bill of sale; and yet all have been an arrangement to prevent the sheriff from seizing the property, such as the judgment debtor had told the *489 plaintiff lie wished to make. These were all questions of fact for the jury, which were taken from them by the charge of the court.
The j udgment should be reversed, and a new. trial ordered, with costs to abide the event.